IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIAM THEO WHITE, #618978 | § | |
| VS. | § | CIVIL ACTION NO. 2:10cv278 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM OPINION AND ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION OF OR RELIEF FROM JUDGMENT

Petitioner William Theo White, an inmate confined at the Beto Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for writ of habeas corpus challenging the revocation of his parole pursuant to 28 U.S.C. § 2254. The petition was referred to a Magistrate Judge for findings of fact, conclusions of law and recommendations for the disposition of the case.

**I.  Factual Background**

The Petitioner is confined in the Texas prison system pursuant to two Cass County, Texas, convictions for delivery of a controlled substance and burglary of a building. He pleaded guilty to both offenses, was accordingly convicted on April 18, 1992, and was sentenced to 25 years' imprisonment on each charge, to run concurrently. He was subsequently released on parole. On or about March 17, 2009, his parole was revoked. Following a number of applications for state habeas corpus relief, Petitioner filed his federal habeas petition before this Court, which denied relief. Petitioner has filed a Rule 60(b) Motion for Relief From Judgment (docket entry #16), in which he seeks reconsideration of that judgment.

II.     **Analysis**

Petitioner seeks relief from judgment pursuant specifically to Fed. R. Civ. P. 60(b). He argues that he received this Court's Order of Dismissal but had never received a copy of the Magistrate Judge's Report and Recommendation ("R&R") of August 12, 2011, which recommended denial of his habeas petition. *See* Motion at 1. On that basis, he contends he "has a right to file objections to the referred Magistrate Judge's Report and Recommendation, but nevertheless his First and Fourteenth Amendments rights to access to courts was hindered by the Clerk of the Court or United States Postal Services or his prison unit's mailroom officials refusing to send or deliver to him a copy of the referred Magistrate Judge's Report and Recommendation rendered on such unknown date." *Id*. at 1-2.

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy*

2

*v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in *Shepherd* instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1 2009).[1]

Turning to Federal Rule of Civil Procedure 60(b), that Rule reads:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12, 2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599,

---

[1] Rule 59(e) was amended in 2009 to extend the time for timely filing from 10 days to 28 days. Although a Fifth Circuit case has not yet explicitly observed the change, district courts within the Fifth Circuit have widely applied it in situations such as this. *See, e.g., Alack v. Jaybar, LLC*, 2011 WL 3626687, at *2 & n.4 (E.D. La. Aug. 17, 2011) (citing *Shepherd*, 372 F.3d at 328 n.1).

604 (5th Cir. 1986)).

Here, Petitioner's motion was filed on September 7, 2011, via the prison mailbox rule, though it was not received and docketed until September 30, 2011. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). That is within 28 days of final judgment in this case. Therefore, the Court will construe it as a Rule 59(e) motion to alter or amend a judgment. A Rule 59(e) motion may also be interpreted as covering motions to vacate judgments. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir 1993). Inasmuch as Petitioner wishes to be able to file objections to the Magistrate Judge's original Report and Recommendation, it appears that a vacated judgment is what he seeks. *See* Motion at 2. In any case, whether the Court were to consider Petitioner's motions under the Rule 59(e) or 60(b) standard, the outcome would remain the same.

Petitioner's sole argument under either standard is that he did not receive a copy of the R&R issued by the Magistrate Judge recommending dismissal of his lawsuit before the undersigned District Judge adopted it almost a month later and dismissed his case with prejudice. Therefore, he contends, his right to *de novo* review on the basis of any objections he might have filed was abrogated. Thus, he appears to seek relief in the form of setting aside the judgment and reopening the case in order for him to file his objections and have the Court rule on them after a *de novo* review. However, he has not stated any substantive ground for reconsideration on the merits of his petition's grounds for relief. His argument, based solely on procedure but not addressing substance, is without merit.

In the first place, Petitioner has presented nothing at all in support of his bare allegation that he did not receive the R&R. He simply alleges in his motion that he did not. He has not submitted any form of declaration or statement by any Beto Unit mailroom personnel, nor even his own

4

declaration under penalty of perjury. To the extent that he simply failed to file an objection and now seeks to remedy his failure, he does not state a basis for either *de novo* review in this Court nor for appellate review. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc); *Spotts v. United States*, 613 F.3d 559, 575 (5th Cir. 2010).

However, even if Petitioner did not receive a copy of the R&R in order to timely object to it, his remedy is do what he purports to do here in form only. That is, seek relief of some form from the judgment, but by asserting some substantive reason for doing so. For example, the Fifth Circuit has "held that the district court can 'rectif[ ]y [its] initial procedural error' in not giving notice before granting summary judgment 'by ruling on a motion for reconsideration.'" *See J.D. Fields & Co., Inc. v. U.S. Steel Intern., Inc.*, 426 Fed. Appx. 271, 281 (5th Cir. 2011) (quoting *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 402 (5th Cir.1998), *cert. denied*, 526 U.S. 1034, 119 S. Ct. 1286, 143 L. Ed. 2d 378, 67 (1999)). "That is, if the party opposing the motion for summary judgment 'is afforded an opportunity . . . to present the court with evidence supporting [its] arguments' in a motion for reconsideration, 'the court's failure to provide an opportunity to respond is harmless error.'" *Id.*; *see also Simmons v. Reliance Standard Life Ins. Co. of Texas*, 310 F.3d 865, 869 n.4 (5th Cir. 2002). Here, the procedural posture is slightly different in that this is not a summary judgment case, but a habeas petition on which a Magistrate Judge's Report and Recommendation had been issued. Nonetheless, the situation is similar in that Petitioner contends he should be given a retrospective opportunity to address and object to the recommendations made by the Magistrate Judge because he claims he did not have an opportunity to do so prior to adopting the R&R and entry of final judgment. Therefore, he appears to reason, after judgment is set aside, he should have opportunity to *then* file his objections to the R&R before any new decision is entered.

Petitioner has proffered no authority supporting this argument, nor has the Court found one. In fact, other district courts in this Circuit have denied the relief Petitioner seeks. *See Gurganus v. Cain*, 2010 WL 2010489, at *2 (E.D. La. May 17, 2010) (denying relief under Rule 60(b)(6) where petitioner failed to file objections to R&R because of counsel's gross negligence). Here, Petitioner does appear to contend that his right to access to court has been curtailed by the failure of the Clerk *or* the U.S. Postal Service *or* his prison unit's mail room to deliver a copy of the Magistrate Judge's R&R to him, citing *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed.2d 606 (1996). However, he does not explain how he believes *Lewis* applies here; in fact, *Lewis* stands for the maxim that access to courts is not denied by following prison regulations reasonably related to legitimate penological interests, even if actual harm results. *Id.*, 518 U.S. at 361-62. In this case, Petitioner uses a shotgun approach to spreading the reason for his alleged non-receipt of the R&R. Absent some showing that he was denied access to court for some reason not embraced in *Lewis, supra*, his argument is simply too attenuated. That is particularly so given that he has offered nothing to demonstrate that he did not actually receive the R&R to begin with, such as a prison mail room log or an affidavit to that effect. As in *Gurganus*, above, Petitioner simply has not provided sufficient basis for the Court to grant relief. *Gurganus*, 2020 WL 2010489, at *2.

Instead, the principle discussed above holds equally well here, namely, that Petitioner should have raised his substantive objections in his motion for reconsideration and/or relief from judgment. He did not do so, choosing instead to simply argue the alleged *procedural* issue of his supposedly-lost opportunity to file objections. However, "[e]rrors of a more *substantial nature* are to be corrected by a motion under Rules 59(e) or 60(b)." *Harcon Barge Co., Inc. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) (emphasis added) (quoting 11 Wright and Miller, Federal

Practice and Procedure, § 2854 at 149 (1973)). At least one other Fifth Circuit district court has held similarly in this type of situation. *See Staggers v. Millet*, 2001 WL 428343, at *1 (E.D. La. Apr. 26, 2001) (non-receipt of report and recommendation until three days before objections were due, and subsequent failure to file objections, was not a basis for relief from a final judgment for mistake, inadvertence, surprise or excusable neglect in the absence of a substantive objection or substantive argument as to any error in the judgment). This Court agrees.

Moreover, Petitioner has filed a number of highly detailed and researched briefs in the course of this litigation, including a response to the Director's motion to dismiss the petition and Petitioner's own motion for summary judgment (docket entries #9, 12). The arguments he raised there address in detail the same basis for the Magistrate Judge's recommendation, namely, that he failed to exhaust his administrative remedies. *See, e.g.*, Petitioner's Reply/Response to Respondent's Motion to Dismiss with Brief in Support (docket entry #9) at 4-5 (arguing exhaustion issue). It is difficult to see what prejudice he would suffer without an opportunity to file objections to an R&R, given his failure to raise them in his motion for reconsideration. Therefore, his argument to alter, amend or vacate the judgment under the standard of either Rule 59(e) or 60(b)(1) fails.

The Court bears in mind the requirement to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355. Inasmuch as Petitioner has raised no substantive objection or argument as to the correctness of the final judgment in this case, the Court will deny his motion for reconsideration or for relief from judgment.

It is accordingly

**ORDERED** that Petitioner's Rule 60(b) Motion for Relief From Judgment (docket entry

7

#16), construed under Fed. R. Civ. P. 59(e), is hereby **DENIED**. It is further

**ORDERED** that any motion not already ruled upon is hereby **DENIED**.

**SIGNED this 7th day of March, 2012.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE